FILED
8/31/2022 4:50 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-22-04845-B

CAUSE NO. _____

| | | |
|---|---|---|
| **MARIA L. MEJIA RUIZ** § | | IN THE COUNTY COURT |
| Plaintiff § | | |
| § | | |
| vs. § | | AT LAW NO. ____ |
| § | | |
| **HOME DEPOT U.S.A., INC.** § | | |
| Defendant § | | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Maria L. Mejia Ruiz (also "Plaintiff") complaining of and about Home Depot U.S.A., Inc. (also "Defendant") and with cause of action would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.1     Pursuant to Texas Rules of Civil Procedure Rule 190, discovery for this case is intended to be conducted under Level 3. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief in a sum greater than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post judgment interest at the highest legal rate.

### II.
### PARTIES AND SERVICE

PLAINTIFF

2.1     Plaintiff is a resident of Dallas County, Texas.

PLAINTIFF'S ORIGINAL PETITION – MEJIA
PAGE 1

**EXHIBIT A-2**

DEFENDANT

2.2     Defendant Home Depot U.S.A., Inc., a Delaware Corporation doing business in the State of Texas, may be served with process by and through its registered agent, Corporation Service Company d/b/a CSC Lawyers, Inc. at 211E 7th Street, Suite 620, Austin, Texas 78701.

## III.
## JURISDICTION AND VENUE

3.1     This Court has jurisdiction over Defendant as it is doing business in the State of Texas and the occurrence which forms the basis of this lawsuit occurred in Texas.

3.2     Venue is proper in Dallas County, Texas under the Texas Civil Practices and Remedies Code in that the acts or events complained of occurred in Dallas County, Texas.

## IV.
## FACTS

4.1     On or about February 13, 2021, Plaintiff was on the job for Defendant. Plaintiff was instructed by her supervisor to retrieve a large, bulky item using a ladder. Due to low staffing Plaintiff was made to retrieve the item via a ladder with no assistance. Plaintiff attempted to do as instructed but was injured in the process.

## V.
## NEGLIGENCE

5.1     Defendant owed a nondelegable duty to Plaintiff to provide a safe environment to carry on her work.  This duty includes providing reasonably safe and suitable signage and safety tools to indicate that an unsafe condition may exist, help prevent any injuries, and provide safety training and instruction to all employees.

5.2     Defendant had reason to anticipate injury of employees due to the nature of the work involved and negligently failed to perform the duty arising on account of that anticipation in terms

of providing a safe work environment and adequate safety instruction for employees.

5.3     Specifically, Defendant negligently failed to provide a safe work environment by having Plaintiff perform a task outside of her normal job duties that any reasonable person would perceive as dangerous. The failure of the Defendant to perform said duties proximately caused the personal injuries of Plaintiff complained of herein.

5.4     Moreover, Defendant failed to provide safe instrumentality to Plaintiff. Given the Plaintiff's size and strength, this job should have been performed mechanically or, at least, was a job which should have been performed by two people.

## VI.
## NEGLIGENCE PER SE

6.1     Plaintiff is an employee under TEXAS LABOR CODE §411.102(2) and Defendant is defined as an employer under TEXAS LABOR CODE §411.102(3). Plaintiff alleges that Defendant was negligent and in violation of TEXAS LABOR CODE §411.103 which provides for occupational safety and states, "Each employer shall provide and maintain employment and a place of employment that is reasonably safe and healthful for employees; install, maintain, and use methods, processes, devices, and safeguards, including methods of sanitation and hygiene, that are reasonably necessary to protect the life, health, and safety of the employer's employees; and take all other actions reasonably necessary to make the employment and place of employment safe."

## VII.
## DAMAGES

7.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was injured. For any damages that will endure for life of Plaintiff, please refer to National Vital Statistics Reports United States Life Tables, 2006, for expected life of Plaintiff. Plaintiff demands

compensation for the following damages.

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

2. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering which will, in all reasonable probability, be suffered in the future;

5. Mental anguish in the past;

6. Mental anguish which will, in all reasonable probability, be suffered in the future;

7. Loss of earnings in the past;

8. Loss of future earning capacity;

9. Past Physical impairment;

10. Future Physical impairment;

11. Past physical disfigurement; and

12. Future physical disfigurement.

7.2 By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## VIII.
## CONTRIBUTORY/COMPARATIVE NEGLIGENCE BAR

8.1 As the employer of Plaintiff at the time of the incident in question and at all times relevant

thereto, Defendant was a non-subscriber to Texas workers' compensation insurance. As such, Defendant should not be entitled to a contributory/comparative negligence instruction at the time of trial, pursuant to TEX. LABOR CODE §406.033 and Texas common law.

## IX.
## JURY DEMAND

9.1  Pursuant to Rule 216 of the Texas Rule of Civil Procedure, Plaintiff respectfully requests that this case be tried before a jury.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount in excess of the minimal jurisdictional limits of this court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,
**THE MARYE LAW FIRM, P.C.**

/s/ Eric H. Marye
**ERIC H. MARYE**
State Bar of Texas No. 24004798
emarye@maryelaw.com
2619 Hibernia Street
Dallas, Texas 75204
Phone: (214) 987-8240
Fax:     (214) 987-8241
service@maryelaw.com
**ATTORNEY FOR PLAINTIFF**