IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA L. MEJIA RUIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2266-D |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action alleging claims for negligence and negligence *per se* arising from a work-related injury, plaintiff Maria L. Mejia Ruiz ("Mejia Ruiz") moves to compel defendant Home Depot U.S.A., Inc. ("Home Depot") to produce documents in response to three requests for production ("RFP") and to answer six interrogatories.[1]  Home Depot opposes the motion.  For the reasons that follow, the court grants the motion in part (as to RFP Nos. 33 and 35 and Interrogatories Nos. 10, 12, 13, 14, and 15) and denies it in part (as to RFP No. 39 and Interrogatory No. 7).

---

[1]The court suggests no view regarding whether this case was properly removed.  The parties are completely diverse citizens, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and any objection to the removal of a case that is non-removable because it arises under state workers' compensation law has been waived by not being timely asserted.

I

Mejia Ruiz moves to compel Home Depot to produce all documents stating Mejia Ruiz's job description and duties at the time of the incident (RFP No. 33); all documents that reflect, depict, or discuss any injury or claim for the injuries of Mejia Ruiz that occurred before the incident in question (RFP No. 35); and notices of prior injuries, including but not limited to accident reports, correspondence, and or claims regarding the premises in question (RFP No. 39). Home Depot objects to RFP No. 33 as not relevant to this action nor likely to lead to the discovery of relevant information, and to RFP Nos. 35 and 39 as overbroad, not properly limited in time or scope, irrelevant, vague, and outside the scope of Fed. R. Civ. P. 26(b)(1).

Mejia Ruiz also moves to compel Home Depot to answer interrogatories inquiring about the identity, last known address, last known telephone number, and date of birth of any other employees injured in the same location in the past 10 years (No. 7); whether Home Depot contends that Mejia Ruiz was negligent and/or responsible for this accident (No. 10); a description of Mejia Ruiz's job titles and duties at Home Depot (No. 12); the identity of all persons who provided Mejia Ruiz any kind of safety training during her employment with Home Depot (No. 13); the identity of any and all voluntary or involuntary safety/training programs that Mejia Ruiz participated in while employed at Home Depot (No. 14); and the identity of all employees who were scheduled to work on February 13, 2021 (the day of the alleged incident), including each employee's last known address, last known telephone number, and date of birth (No. 15). Home Depot objects to Interrogatories Nos. 7, 12, 13,

14, and 15 as seeking irrelevant information (or information not likely to lead to the discovery of relevant information), overbroad, vague, not properly limited in time or scope, or outside the scope allowed by Rule 26(b)(1), and, as to Interrogatory No. 15, asserts that it is duplicative of the information sought in Interrogatory No. 2. Home Depot asserts that No. 10 is vague and requests that it marshal evidence.

II

Although the court will decide Mejia Ruiz's motion to compel without requiring that counsel for the parties meet and confer, it notes that the motion does not contain a certificate of conference. Counsel are reminded that N.D. Tex. Civ. R. 7(a) obligates them to attempt to confer before filing such a motion, and that Rule 37(a)(1) imposes its own conference requirement: "The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(1). In the court's view, many of the objections made in this motion to compel could have been resolved by a good-faith conference. If more such motions are filed in this case, the court may require counsel to meet and confer before it makes a ruling.

III

Under Rule 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Rule 26(b)(1). And under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer,

designation, production, or inspection" when the party from whom discovery is sought fails to produce requested documents or to respond to an interrogatory or request for admission. Rule 37(a)(3)(B).

As the party opposing Mejia Ruiz's motion to compel, Home Depot bears the burden of proof.[2] In the Fifth Circuit, "a party who opposes its opponent's request for production [must] 'show specifically how . . . each [request] is not relevant . . . .'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.) (second alteration in original) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also Orchestrate HR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 506 (N.D. Tex. 2016) (Horan, J.) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to—in order to successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable." (citations omitted)).

IV

The court first considers the part of Mejia Ruiz's motion that relates to the RFP.

A

RFP No. 33 requests that Home Depot produce "all documents stating what [Mejia

---

[2]The court does not exclude the possibility that there might be a ground—one not raised or pertinent here—where the party moving to compel has the burden

Ruiz's] job description and job duties were at the time of the incident." P. Mot. (ECF No. 10) at 2. Home Depot objects to this RFP as irrelevant, contending that it "seeks information not relevant to this action nor likely to lead to the discovery of relevant information." *Id.* Nonetheless, Home Depot produced a description for Mejia Ruiz's job as a sales associate when it responded to the motion to compel.

Home Depot has failed to carry its burden to show how Mejia Ruiz's request is not relevant. Mejia Ruiz's job description and duties may be relevant to her claim for negligence *per se*, which is based on the Texas Workers' Compensation Act ("TWCA"). *See* Pet. (ECF No. 1-3) at 3, ¶ 6.1. TWCA's purpose is to "protect workers against unsafe and hazardous working conditions." *See* Tex. Lab. Code Ann. § 411.101(2) (West 2015). TWCA defines "safe" as "freedom from occupational injury for employees to the extent reasonably permitted by *the nature of the employment*." *Id*. at § 411.102(5) (emphasis added). Mejia Ruiz's petition also asserts that Home Depot had her "perform a task outside of her normal job duties." Pet. (ECF No. 1-3) at 3, ¶ 5.3. Information about her job description and duties is therefore discoverable.

Home Depot has also failed to carry its burden to show how Mejia Ruiz's request is not proportional.³ Home Depot objects to RFP No. 33 merely by asserting that "the burden of proposed discovery outweighs its likely benefit considering the needs of this case, the parties' resources, the nature of the issues at stake and the importance of the proposed

---

³Home Depot asserts the same for RFP Nos. 35 and 39. The court will not address this argument as it pertains to RFP Nos. 35 and 39 for the reasons stated.

discovery in resolving the issues." *See* D. Br. (ECF No. 16) at 4, ¶ 8. The party seeking to resist discovery must come forward with *specific* information regarding these factors. *Accord Marable v. Dep't of Com.*, 2019 WL 4689000, at *2-3 (N.D. Tex. Sept. 26, 2019) (Horan, J.). Because Home Depot has not done so, the court grants Mejia Ruiz's motion to compel as to RFP No. 33. Home Depot must make the requested production no later than the deadline specified *infra* at § VI.

B

RFP No. 35 requests that Home Depot produce "[a]ll documents that reflect, depict, or discuss any injury or claim for injuries of [Mejia Ruiz] that occurred before the incident in question." P. Mot. (ECF No. 10) at 2. In its response to the motion to compel, Home Depot objects to this request as overbroad and vague insofar as it seeks documents related to any injury or claim for Mejia Ruiz's injuries, without limitation to geographic region and time and without regard to whether such injuries were sustained on Home Depot's premises or sustained in the course and scope of her employment. Home Depot contends that Mejia Ruiz is in the best position to produce any documents related to injuries she has allegedly sustained and asking Home Depot to produce such documents is overly burdensome and unlikely to lead to relevant information. Home Depot also maintains that the burden of the proposed discovery outweighs its likely benefit considering the needs of this case, the parties' resources, the nature of the issues at stake, and the importance of the proposed discovery in resolving those issues. Home Depot also points out that it has produced a description for Mejia Ruiz's job as a sales associate with the filing of its response to the motion to compel.

Home Depot has failed to carry its burden to show that Mejia Ruiz's request is not relevant. Mejia Ruiz's previous work-related injuries may be relevant to her negligence claim. The Supreme Court of Texas has previously held that "when an employee's injury results from performing the same character of work that employees in that position have always done, an employer is not liable if there is no evidence that the work is unusually precarious." *Werner v. Colwall*, 909 S.W.2d 866, 869 (Tex. 1995). Mejia Ruiz's previous work-related injuries may be relevant, for example, in proving that the work underlying her alleged injury in the instant action was or was not unusually precarious. And even if she has in her possession her own records of previous work-related injuries, it would be relevant whether Home Depot has the same or different information.

Home Depot has also failed to carry its burden to show that the requested discovery is not proportionate to the needs of the case. Read in the context of the instant action, RFP No. 35 *is* limited in geographic region to the Home Depot store where Mejia Ruiz worked and injuries sustained on that store's premises. Mejia Ruiz has also limited RFP No. 35 to a 10-year time frame in her motion to compel. *See* P. Mot. (ECF No. 10) at 2.

The court grants Mejia Ruiz's motion to compel a response to RFP No. 35. Home Depot must make the requested production no later than the deadline specified *infra* at § VI.

C

Mejia Ruiz's RFP No. 39 requests "[n]otices of prior injuries, including but not limited to accident reports, correspondence and or claims regarding the premises in question." P. Br. (ECF No. 10) at 3. Home Depot objects to RFP No. 39 as vague, overbroad, not properly

limited in time or scope, and seeking information that is not relevant to this action or not likely to lead to the discovery of relevant information and outside the scope that Rule 26(b)(1) allows.  P. Br. (ECF No. 10) at 3.  In its response to the motion to compel, Home Depot maintains that RFP No. 39 is overbroad and vague and lacks a limitation to geographic region and time and without regard to whether such injuries were sustained on Home Depot's premises or in the course and scope of employment.  Home Depot posits that Mejia Ruiz's subsequent clarifications and attempts to narrow the scope are unavailing—that 10 years is too great a look-back period.

    The court holds that Home Depot has carried its burden.  Although information about whether other employees were injured in the same or similar way as Mejia Ruiz may be discoverable, Mejia Ruiz's request is framed so that it would require Home Depot to produce information about dissimilar incidents that did not even involve Home Depot employees.  For example, Home Depot would be obligated to produce notice of prior injuries, accident reports, correspondence, and claims about customers who slipped and fell at the Home Depot where Mejia Ruiz was employed—a scenario that is unlike the incident involving Mejia Ruiz.

    The court denies Mejia Ruiz's motion to compel a response to RFP No. 39.

V

    The court now considers the part of Mejia Ruiz's motion that relates to her interrogatories.

A

Rule 33(a)(2) provides the permissible scope of interrogatories:

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Rule 33(a)(2).

A "contention interrogatory" generally refers to "an interrogatory that asks a party to state what it contends, state whether it makes a specified contention, take a position and explain or defend the position concerning how the law applies to facts, or state the legal or theoretical basis for a contention." *InternetAd Sys., LLC v. ESPN, Inc.*, 2004 WL 5181346, at *2 (N.D. Tex. Oct. 8, 2004) (Fitzwater, J.). Contention interrogatories are "not necessarily objectionable and may even be advisable." *Id.* Rule 33(c) and the pertinent Advisory Committee notes support the conclusion that "it is within a court's discretion to decide when an otherwise-proper interrogatory must be answered." *Id.* And "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." *Id.* (citing *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 110 (D.N.J. 1990)).

B

Mejia Ruiz's Interrogatory No. 7 asks Home Depot to identify any other employees and/or agents who were or have been injured in the past 10 years in the same location by name, last known address, last known telephone number, and date of birth. Home Depot

objects because Interrogatory No. 7 as not limited in time, scope, or geographic region.

Although the interrogatory *is* limited geographically (to the same location where Mejia Ruiz worked), the court agrees that it is overbroad as written for reasons that are similar to why RFP No. 39 is overbroad: it requires Home Depot to provide information about dissimilar incidents involving scenarios that are so unlike the one involving Mejia Ruiz as to be irrelevant.

The court denies Mejia Ruiz's motion to compel a response to Interrogatory No. 7.

C

Mejia Ruiz's Interrogatory No. 10 is a contention interrogatory that asks Home Depot whether it "contend[s] that [Mejia Ruiz] was negligent and/or responsible for the accident" and, if so, to identify how. Home Depot objects to this interrogatory as vague and requesting that Home Depot marshal its evidence.

"Many courts exercise the discretion that Rule 33(c) grants and conclude that contention interrogatories need not be answered until later in the discovery process." *InternetAd Sys., LLC*, 2004 WL 5181346, at *2 (citing *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994)). But because there is no reason to delay this process in the present case, Home Depot must answer Interrogatory No. 10 no later than the deadline specified *infra* at § VI. The court grants Mejia Ruiz's motion to compel a response to Interrogatory No. 10.

D

Mejia Ruiz's Interrogatory No. 12 asks Home Depot to describe Mejia Ruiz's job titles and duties while employed. Home Depot objects to this interrogatory as vague and overbroad and seeking irrelevant information outside the scope of Rule 26(b)(1). Home Depot has also provided Mejia Ruiz a job description for the position she held when she was injured.

Home Depot has failed to carry its burden. Home Depot's complaints about this interrogatory are "not adequate to voice a successful objection." *Baird v. Shagdarsuren*, 2019 WL 13159726, at * 2 (N.D. Tex. Mar. 19, 2019) (Horan, J.) (quoting *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (Ramirez, J.)).

The court grants Mejia Ruiz's motion to compel a response to Interrogatory No. 12. Home Depot must answer Interrogatory No. 12 no later than the deadline specified *infra* at § VI.

E

Mejia Ruiz's Interrogatories Nos. 13 and 14 ask Home Depot to identify all persons who provided Mejia Ruiz with safety training during her employment and to identify all the safety/training programs in which Mejia Ruiz participated while employed, whether voluntarily or involuntarily. Home Depot objects on the grounds that Interrogatories Nos. 13 and 14 seek irrelevant information and are overbroad and not proportional to the needs of the case. Nonetheless, Home Depot produced relevant training materials to Mejia Ruiz when it responded to the motion to compel.

Home Depot has failed to carry its burden. Interrogatories Nos. 13 and 14 are

discoverable concerning Mejia Ruiz's negligence claim because she asserts that Home Depot breached a duty to provide adequate safety instructions to its employees. What safety instructions and programs Home Depot may have provided, and which programs Mejia Ruiz may have attended, are therefore relevant.

Regarding proportionality, Home Depot merely references the factors courts consider under Rule 26(b), without elaborating. As stated, the party seeking to resist discovery must come forward with *specific* information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery resolving the issues, and whether the burden or expense of proposed discovery outweighs its likely benefit. *See, e.g.*, *Marable*, 2019 WL 4689000, at *2-3.

The court grants Mejia Ruiz's motion to compel responses to Interrogatories Nos. 13 and 14. Home Depot must answer Interrogatories Nos. 13 and 14 no later than the deadline specified *infra* at § VI.

F

Mejia Ruiz's Interrogatory No. 15 asks Home Depot to identify all employees who were scheduled to work on February 13, 2021 (the day of the alleged incident) and provide each employee's name, last known address, last known telephone number, and date of birth. Home Depot objects that this interrogatory seeks irrelevant information and is cumulative and duplicative of information sought in Interrogatory No. 2. Interrogatory No. 2 asks Home Depot to identify any and all *witnesses* to the incident, to which Home Depot responded

"None."

Home Depot has failed to carry its burden. The other employees who were working on the day of the alleged incident may have relevant information that would be probative of itself or lead to relevant information. Even if no other employees witnessed the incident itself, they may have other information that would bear on the incident and whether a particular party bears responsibility for it. Interrogatory No. 15 is therefore relevant and not duplicative.

The court grants Mejia Ruiz's motion to compel a response to Interrogatory No. 15. Home Depot must answer Interrogatory No. 15 no later than the deadline specified *infra* at § VI.

## VI

Home Depot must make the productions and provide the answers required by this memorandum opinion and order no later than 28 days after it is filed. A document production may be made in any form (e.g., copies of documents) permitted by Rule 34, provided it complies with the 28-day deadline.

\* \* \*

For the reasons explained, Mejia Ruiz's motion to compel discovery is granted in part and denied in part.

**SO ORDERED**.

September 21, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE