IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA L. MEJIA RUIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2266-D |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Maria L. Mejia Ruiz ("Mejia") alleges claims for negligence and negligence *per se* arising from a work-related injury. Defendant Home Depot U.S.A., Inc. ("Home Depot"), a non-subscriber employer, moves for summary judgment. For the following reasons, the court grants the motion in part and denies it in part.

I

Mejia, a diminutive female who stands 5 feet, 1 inch tall, sustained an injury to her hand and wrist while using a ladder[1] to retrieve a 25-pound "large, bulky" bag of mesquite mini-logs ("firewood") from a storage shelf at the Home Depot store where she was employed.[2] According to Mejia, after a customer requested help retrieving the bag, Mejia

---

[1]A more accurate description of the instrumentality is a movable staircase with a standing platform at the top; however, this memorandum opinion and order refers to the instrumentality as a "ladder" because the parties do so in their briefs.

[2]In deciding Home Depot's motion for summary judgment, the court views the evidence in the light most favorable to Mejia as the summary judgment nonmovant and

asked her supervisor, Marissa Barone ("Barone"), for assistance because she did not know how to use the ladder to reach the storage shelf. Barone was busy and told Mejia that she "had to" retrieve the firewood because "there were no[] other people working." D. App. (ECF No. 20-2) at 17. Due to an ice storm,[3] the store was understaffed; only 10 employees had showed up for work rather than the typical 25 to 30. Some of the 10 employees were also busy repairing a burst pipe. The store was also busy due to the ice storm: Home Depot traditionally opens during major weather events to service the community, and "tons of people" needed firewood. P. App. (ECF No. 31) at 21. Mejia maintains that, after her conversation with Barone, she did not seek additional assistance because she believed only three employees were working that day, including herself, Barone, and the cashier.

Mejia contends that, while she was using the ladder to retrieve the firewood, the ladder moved underneath her, causing the firewood to shift in her hands, hyperextending her hand and wrist. Mejia offers the testimony of an expert witness, an engineer, who opines that the ladder likely moved because the automatic brake mechanism did not activate. Van Bollen ("Bollen"), the department supervisor, testified in his deposition that this type of

---

draws all reasonable inferences in her favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

[3]The February 12-16, 2021 "ice storm" has been referred to as "winter storm Uri." Because the parties do not refer to this weather event by that name, the court will call it the "ice storm."

ladder's automatic brake mechanism wears out and employees must engage the manual lock.[4] Home Depot purchases new ladders on an as-needed basis because the automatic brake mechanisms deteriorate over time. Based on the summary judgment evidence, Mejia alleges negligence claims on these grounds: that Home Depot failed to train her properly and provide her adequate safety instruction; failed to furnish her reasonably safe instrumentalities with which to work; and failed to provide her adequate assistance. She also brings a claim for negligence *per se*.

Home Depot contends that it did not owe Mejia any duty. In particular, Home Depot maintains that it did not have a duty to train Mejia regarding dangers that were "commonly known" or "already appreciated by the employee," *Austin v. Kroger Tex. L.P.*, 465 S.W.3d 193, 210 (Tex. 2015); that it did not have a duty to provide safe instrumentalities that were not necessary for the safe performance of the job, *see Kroger Co. v. Elwood*, 197 S.W.3d 793, 795 (Tex. 2006) (per curiam); and that it did not have a duty to provide additional assistance in circumstances where an employee had a safe method to complete a task but chose to apply an unsafe method, *see Fields v. Burlison Packing Co.*, 405 S.W.2d 105, 108 (Tex. App. 1966, writ ref'd). Contending that it did not owe Mejia any duty, Home Depot moves for summary judgment on all of Mejia's claims.

Mejia responds that Home Depot is misapplying premises liability law because the duties Home Depot owes to an employee are absolute, continuous, and nondelegable.

---

[4]The identity of the ladder that Mejia actually used on the occasion in question has not been confirmed.

According to Mejia, Home Depot had the following duties: to train Mejia how to use the ladder and how to safely lower heavy items from a storage shelf while on the ladder, because the job function is outside her normal job duties; to provide Mejia safe instrumentalities, which included the duty to provide a ladder with an automatic braking mechanism that engaged when sufficient weight was placed on the first step; and to provide adequate assistance when the work was unusual or posed a threat of injury, even if Mejia was performing a function that was included in her normal job duties. Mejia posits that the work was unusual because she had never before used a ladder to retrieve a 25-pound item from a storage shelf; she requested assistance; the store was understaffed and busy; and she is a petite woman. And Home Depot admitted in an interrogatory answer that it considered the task to be a two-person job.

The court has heard oral argument on Home Depot's motion.

## II

Because in this non-subscriber case Mejia bears the burden of proof at trial on her claims of negligence and negligence *per se*, Home Depot can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the claim in question. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once Home Depot does so, Mejia must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in Mejia's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). Mejia's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Mejia fails to meet this burden. *See Little*, 37 F.3d at 1076.

III

Mejia alleges that Home Depot breached its duty to provide her a safe workplace, which proximately caused her injuries. *See Werner v. Colwell*, 909 S.W.2d 866, 868 (Tex. 1995); Tex. Lab. Code Ann. § 406.033(d). "Under Texas law, negligence consists of four essential elements: (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) an actual injury to the plaintiff; and (4) a showing that the breach was the proximate cause of the injury." *Hearn v. Kroger Tex., L.P.*, 2022 WL 2533408, at *2 (N.D. Tex. July 7, 2022) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 314 (5th Cir. 2002)). "Under the general umbrella of negligence, there are distinct species of claims," including claims based on the continuous, nondelegable duties that employers owe their employees. *Odom v. Kroger Tex., L.P.*, 2014 WL 585329, at *3 (N.D. Tex. Feb. 14, 2014) (Fitzwater, C.J.); Tex. Lab. Code Ann. § 411.103. "Although an employer is not an insurer of [its] employees' safety at work, an employer does have a duty to use ordinary care in providing a safe work place." *Werner*, 909 S.W.2d at 869 (citing *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993)). Among these duties are the duty to furnish reasonably safe instrumentalities with which to work and the duty to provide necessary equipment or assistance. *See Elwood*, 197 S.W.3d at 794; *Cent. Ready Mix*

*Concrete Co. v. Islas*, 228 S.W.3d 649, 652 n.10 (Tex. 2007) (collecting cases). An employer must also train employees in the safe use and handling of products and equipment used in and around an employer's premises or facilities. *See Kroger Co. v. Milanes*, 474 S.W.3d 321, 335 (Tex. App. 2015, no pet.) (first citing *Austin*, 465 S.W.3d at 215; and then citing *Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 311 (Tex. App. 2007, no pet.)). Whether a legal duty exists is a threshold question of law. *See, e.g.*, *Austin*, 465 S.W.3d at 198.

IV

The court turns first to Home Depot's contention that it did not owe Mejia a duty to provide proper training or safety instruction on how to retrieve a 25-pound item using a ladder.

A

Mejia alleges that Home Depot failed to provide her training or adequate safety instruction regarding how to retrieve an "awkward" 25-pound item using a ladder. Home Depot maintains that it did not owe Mejia a duty to train or provide safety instruction regarding this task because the danger of retrieving a 25-pound item using a ladder was "common knowledge" or was "already appreciated" by Mejia. D. Br. (ECF No. 19) at 5, ¶ 9. For example, Mejia alleges in her original petition that "[Home Depot] negligently failed to provide a safe work environment by having [Mejia] perform a task outside of her normal job duties *that any reasonable person would perceive as dangerous*." P. Compl. (ECF No. 1-3) at 3, ¶ 5.3 (emphasis added). Home Depot posits that the dangers "associated with lifting heavy objects" and "working at heights" are "amongst the most commonplace risks in daily

life." D. Reply (ECF No. 32) at 6.  Home Depot maintains that Mejia also appreciated the danger because she testified in her deposition that she worked at Home Depot for eight months before her injury and her job duties at the time of injury included "getting items down from storage."  D. Br. (ECF No. 19) at 4; D. App. (ECF No. 20-2) at 15.  Mejia responds that she had never used a ladder, did not know that the ladder had a manual brake, and, during the eight months that she had worked at Home Depot, had never retrieved or been trained to retrieve a 25-pound bag of firewood.

B

Employers have a continuous, nondelegable duty to train their employees properly, which includes the duty to instruct employees on how to use equipment safely on and around the employer's premises or facilities.  *See Elwood*, 197 S.W.3d at 794-95; *Patino v. Complete Tire, Inc.*, 158 S.W.3d 655, 660 (Tex. App. 2005, pet. denied); *Allen v. A & T Transp. Co.*, 79 S.W.3d 65, 70 (Tex. App. 2002, pet. denied).  Nevertheless, "Texas courts have held that 'an employer has no duty to adopt safety rules where its business is neither complex nor hazardous or where the dangers incident to the work are obvious or are of common knowledge and fully understood by the employee." *Ovalle v. United Rentals N. Am., Inc.*, 2022 WL 4009181, at *5 (5th Cir. Sept. 2, 2022) (per curiam) (quoting *Nat'l Convenience Stores Inc. v. Matherne*, 987 S.W.2d 145, 149 (Tex. App. 1999, no pet.)); *see also Austin*, 465 S.W.3d at 210 ("[T]he employer owes no duty to warn or train employees with respect to dangers that are commonly known or already appreciated by the employee.")

C

The court concludes that Mejia has failed to meet her burden to show that Home Depot owed her a duty to train and provide adequate safety instruction regarding the task of retrieving a 25-pound item using a ladder. Mejia's injury resulted from the same job function performed by other Home Depot employees. The Fifth Circuit recently affirmed summary judgment dismissing a Home Depot employee's failure-to-train claim when the employee was injured "flat stacking." *See Molina v. Home Depot USA, Inc.*, 20 F.4th 166, 168 (5th Cir. 2021). Flat stacking involves "lifting large pieces of building materials, like lumber," that "weigh around 50 pounds," and "placing them neatly on a shelf, often six feet high off the ground." *Id.* The Fifth Circuit reasoned that Home Depot did not have a duty to train the employee regarding this job function because "Home Depot customers often moved lumber, indicating that the potential cause of injury was not disguised. And employees did this kind of work routinely." *Id.* at 170. The Fifth Circuit's analysis regarding whether the dangers incident to the work were obvious or "common knowledge" focused on the average Home Depot employee's or customer's knowledge and experience. *Id.* at 170 (quoting *Austin*, 465 S.W.3d at 210). Although Mejia testified that she did not *personally* use the ladder or retrieve the 25-pound bag of firewood from a storage shelf during her employment, the risks associated with these job functions would have been fully understood and appreciated by a home improvement store employee or customer.

Assuming *arguendo* that Home Depot *did* have a duty to train or provide adequate safety instruction to Mejia regarding how to retrieve a 25-pound item using a ladder, a

reasonable jury could only find from the summary judgment evidence that Home Depot provided her adequate training and safety instruction. Nicole Oliver ("Oliver"), Home Depot's corporate safety representative, testified in her deposition that Home Depot provides monthly training via inFocus videos on topics such as how to lift items off of a shelf or out of an overhead bin and how to do so on a ladder. Oliver also testified that Home Depot trains employees on the proper lift procedures for items that may vary in weight, like microwaves. Moreover, Bollen testified that Home Depot trains employees how to lift "close to home," tucking an item close to the chest to maintain three points of contact on the ladder while descending. Home Depot's interrogatory answers indicate that Mejia participated in orientation and inFocus training. Mejia does not dispute that she received video training, but maintains that Home Depot did not provide her in-person training regarding lift procedures.

      The court concludes that there is no genuine issue of material fact regarding whether Home Depot met its duty to train and provide safety instruction to Mejia. In *Molina* the Fifth Circuit reasoned that evidence of a Home Depot manager's indicating that "training" could prevent future "flat stacking" incidents did not raise a genuine dispute concerning whether Home Depot had met its duty to train because "the employee completed computer training on how to lift properly" and "admitted that he did not need additional training to 'flat stack.'" *Molina*, 20 F.4th at 170. Mejia worked at Home Depot for eight months and participated in orientation and monthly inFocus training videos regarding ladder safety, lifting procedures, and safety matters. The court concludes that the evidence would not permit a reasonable jury to find that Home Depot breached its duty to train and provide adequate

safety instruction regarding retrieving a 25-pound item from a storage shelf using a ladder. The court therefore grants summary judgment dismissing Mejia's inadequate training claim.

V

The court turns next to whether Home Depot had a duty to provide Mejia the necessary instrumentalities to perform her job safely.

A

Mejia alleges in her original petition that Home Depot "failed to provide [her a] safe instrumentality" to perform the job. P. Compl. (ECF No. 1-3) at 3. Home Depot contends that, although employers have a duty to provide employees with safety equipment, it is limited to equipment *necessary* to perform the job. The Fifth Circuit has applied the six factors of *Allsup's Convenience Stores, Inc. v. Warren*, 934 S.W.2d 433 (Tex. App. 1996, writ denied), to analyze whether an instrumentality is necessary for the safe performance of an employee's job. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 329-31 (5th Cir. 2017) (per curiam). Mejia has not presented evidence regarding the *Warren* factors, including whether she requested another instrumentality to perform the work, whether she complained the task she was performing was unsafe, whether another instrumentality "was commonly used in or had been established by industry standards or customs as a safety measure," or whether medical evidence exists to establish that another instrumentality would have prevented her injury. Mejia testified in her deposition that the ladder she used was the type she worked with and necessary to "pack" product.

Mejia responds that there is a genuine issue of material fact regarding whether Home

Depot breached its duty to furnish her with a reasonably *safe* instrumentality. This is so, she says, because the ladder's automatic brake mechanism did not activate, causing the ladder to move underneath her as she retrieved the 25-pound bag of firewood. Mejia's evidence includes her testimony that the ladder moved underneath her; Bollen's testimony that the ladder's automatic braking mechanism wears out over time and that Home Depot replaces the ladders as-needed; and her expert witness engineer's report opining about how the automatic brake mechanism works and how it may fail to engage. Home Depot replies that Mejia has provided no evidence that she needed an alternative instrumentality, and that her evidence regarding the ladder's condition "is limited to the unsubstantiated claim that she felt the ladder move during the bag retrieval."[5] D. Reply (ECF No. 32) at 7.

B

An employer has a continuing, nondelegable duty to use ordinary care in providing a safe workplace, which includes the duty to furnish safe machinery and instrumentalities with which its employees are to work. *See, e.g.*, *Fraire v. Budget Rent-A-Car of El Paso, Inc.*, 441 S.W.3d 523, 529 (Tex. App. 2014, pet. denied) (quoting *Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 187 n.45 (Tex. 2004)); *Gen. Elec. Co. v. Mortiz*, 257 S.W.3d 211, 215 n.15 (Tex. 2008) (citing cases) (noting that employers have nondelegable duty to

---

[5]Home Depot suggests in its reply brief that Mejia has not provided evidence regarding whether Home Depot breached its duty; however, as Mejia points out, Home Depot only disputed the duty element in its opening brief. And the court will not consider an argument raised for the first time in a reply brief. *See, e.g.*, *Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008).

provide employees "a safe place to work, safe equipment to work with, and warn them of potential hazards"). Nevertheless, an employer owes no duty to provide employees with equipment or assistance that is unnecessary to the job's safe performance. *See Ovalle*, 2022 WL 4009181, at *5 (citing *Elwood*, 197 S.W.3d at 794-95).

C

The court concludes that there is a genuine issue of material fact regarding whether Home Depot failed to provide Mejia safe instrumentalities to perform her job function. Home Depot maintains that it is entitled to summary judgment because Mejia has not provided evidence that she needed alternative safety equipment to retrieve the firewood; she had the necessary safety equipment at her disposal. But Mejia's claim is *not* that Home Depot failed to provide her the *necessary* instrumentalities to perform her job, but that Home Depot failed to provide her *reasonably safe* instrumentalities based on her testimony and other evidence. For example, Bollen testified in his deposition that Home Depot was aware that the ladders' automatic brakes wore out; that, knowing this, he manually locked the ladders; and that Home Depot ordered new ladders as-needed when the automatic brakes deteriorated. Additionally, the expert witness engineer's report indicates that structural defects, including improper braking mechanisms, may create safety concerns regarding portable ladders. Thus Mejia has introduced sufficient evidence for a reasonable jury to find that Home Depot negligently required her to engage in an unsafe activity by leaving her to retrieve an item from a storage shelf that could not be retrieved safely due to the absence of a safe ladder. The court concludes that Home Depot had a nondelegable legal duty as an

employer to provide Mejia a safe workplace, particularly by furnishing her safe instrumentalities with which to work. *See Farley v. M. M. Cattle Co.*, 529 S.W.2d 751, 754 (Tex. 1975), *abrogated on other grounds by Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978). And there is a material fact issue regarding the adequacy of the equipment that Home Depot furnished Mejia to retrieve the firewood. The court therefore denies summary judgment on Mejia's inadequate instrumentalities claim.

## VI

The court turns next to whether Home Depot owed Mejia a duty to provide her adequate assistance.

### A

Home Depot contends that it did not owe Mejia a duty to assist her because she could have performed the task safely without further assistance or equipment. Home Depot employees perform the task of "taking down inventory" regularly, without special training, assistance, or equipment. And, Home Depot maintains, because Mejia has not provided evidence that the task is unusually precarious, Home Depot is not liable. *See Elwood*, 197 S.W.3d at 795. Home Depot also contends that, even if the task was unusually precarious, Home Depot did not have a duty to provide Mejia additional assistance because she had a safe method to complete the task (ask another employee for assistance) and chose to apply an unsafe method (proceed without assistance). Although Barone was busy, Home Depot payroll records show that 10 employees were on duty, so someone else could have assisted her.

Mejia posits that the task was unusually precarious or posed a threat of injury under the circumstances. Bollen testified in his deposition that the ice storm impacted staffing and that every department was understaffed on the day Mejia sustained her injury. Oliver testified that Home Depot typically schedules 25 to 30 employees to work at a given time, but only 10 employees worked on the day Mejia sustained her injury, some of whom were repairing a burst pipe. The store was also busy because customers needed firewood to endure the ice storm. Mejia testified that she requested Barone's assistance retrieving the firewood, and Barone told her that she "had to do it" and that "there were no[] other people working." D. App. (ECF No. 20-2) at 17. Home Depot also responded to Interrogatory No. 10 stating that it considered the task to be a two-person job.

B

Absent evidence that the work is "unusually precarious" or poses a threat of injury, an employer is not liable for an employee's injuries that "result from performing the same character of work that employees in that position have always done." *Elwood*, 197 S.W.3d at 795; *see also Werner*, 909 S.W.2d at 869 (citing *Great Atl. & Pac. Tea Co. v. Evans*, 175 S.W.2d 249, 250 (Tex. 1943)). But when the required work is unusually precarious or poses a threat of injury, "[a]n employer has 'an obligation to provide adequate help under the circumstances[.]" *Adams v. Reynolds Tile & Flooring, Inc.*, 120 S.W.3d 417, 421 (Tex. App. 2003, no pet.) (quoting *Werner*, 909 S.W.2d at 869). The duty to provide adequate help does not include the obligation "to assign to each employee an assistant when the duties or work assignments of such employee may only occasionally require assistance and such assistance

- 14 -

when needed is available on request or notice." *Fields*, 405 S.W.2d at 108 (citing *W. Union Tel. Co. v. Coker*, 204 S.W.2d 977, 980 (Tex. 1947)).

C

The court concludes that there is a genuine issue of material fact regarding whether Home Depot failed to provide Mejia adequate assistance to perform her job. Home Depot contends that it did not owe Mejia a duty to provide adequate assistance because she was performing the same character of work as other Home Depot employees, and she did not introduce evidence that the work posed an increased risk of injury or was unusually precarious. Although the summary judgment record supports the finding that Mejia was performing the same character of work as other Home Depot employees, *see supra* § IV(C), the evidence also permits the finding that the work posed an increased risk of injury.

The instant facts are materially similar to those in *Brookshire Brothers, Inc. v. Lewis*, 997 S.W.2d 908 (Tex. App. 1999, pet. denied), in which the court held that the employer owed its employee a duty to provide adequate assistance because his injury did not occur on "a typical, normal day." *Id.* at 914. The evidence supported an inference that a possible injury was reasonably foreseeable: the store was understaffed because one employee had failed to show up for work; the store was "extremely busy" because of a sale on hamburger meat; the employer never gave the employee specific instructions pertaining to lifting activities in the meat department; and the equipment the employee used to perform his duties was not reasonably safe. *Id.* at 918. Here, Mejia has introduced evidence that the store was understaffed because of the ice storm. Home Depot typically schedules 25 to 30 employees

- 15 -

to work at a given time but only 10 employees worked on that day, some of whom were repairing a burst pipe. The summary judgment record also contains evidence that the store was busy: Mejia's supervisor testified that Home Depot traditionally opens during all major weather events to support the community and that "tons of people" visited the store to buy firewood. P. App. (ECF No. 31) at 20. And there is a genuine dispute of material fact regarding whether Home Depot breached its duty to provide Mejia reasonably safe instrumentalities. *See supra* § V(C). Home Depot attempts to distinguish *Brookshire Brothers* on the ground that Mejia was assigned a task that could be executed without additional assistance or equipment. But the *Brookshire Brothers* employee was injured while putting meat into a meat grinder, a job function that he did numerous times a day, every day. *See Brookshire Bros.*, 997 S.W.2d at 914. *Brookshire Brothers* and the instant case are therefore materially similar.

   The instant facts are also materially distinguishable from *Molina*. *See Molina*, 20 F.4th at 169-70. In *Molina* the Fifth Circuit affirmed summary judgment on the employee's inadequate assistance claim when the employee admitted that he performed the task nearly every day for a year; that he never before had asked for help; that he performed a job that was typical of his position; and that the task was not necessarily hazardous or a two-man job. *See id.* Moreover, the task was not especially perilous because customers regularly moved the same materials. *See id.* at 169. In contrast, the present case includes summary judgment evidence that Mejia had neither performed the task before nor handled firewood as a garden department associate. Mejia requested assistance from her supervisor, Barone, who told her

that she "had to do it" and "there were no[] other people working." D. App. (ECF No. 20-2) at 17. And Home Depot admits that the task may have been a two-person job under the circumstances. The court concludes that, although Mejia was performing a job function that was included in a Home Depot employee's normal, routine duties, the evidence would enable a reasonable jury to draw the inference that the job posed a threat of injury. *Cf. Parker v. Home Depot USA, Inc.*, 2020 WL 6728899, at *4 (S.D. Tex. Nov. 16, 2020) (finding job did not pose a particular threat of injury when employee testified that the item he moved was not heavy, he moved it fewer than a few feet by sliding it on the floor, and he did not need help). The court concludes that Home Depot had a duty to provide Mejia adequate help under the circumstances.

Home Depot also contends that, even if Mejia's task posed a threat of injury, Home Depot did not have a duty to provide her additional assistance because she had a safe method to complete the task (ask another employee for help) and chose to apply an unsafe method (proceed without assistance). But the case law on which Home Depot relies holds that an employer has no duty to provide help when it "*provided help* and injury results," or "*sufficient help is nearby and available* and the employee does the work alone." *Fields*, 405 S.W.2d at 108 (quoting *Coker*, 204 S.W.2d at 979). The employee in *Fields* performed the task many times over a three-year period and never requested help, despite knowing that the item she was lifting was heavy. *See id.* at 107. Unlike *Fields*, Mejia testified that she had not performed the task before; she did not know that the firewood was going to be so heavy; she requested help from her supervisor; and her supervisor told her, "[she] had to do it

- 17 -

because there were no[] other people working." P. App. (ECF No. 31) at 17. The case law does not suggest that Home Depot's duty to provide adequate assistance was extinguished merely because other employees were on duty: sufficient help must be *nearby* and *available*. *See Fields*, 405 S.W.2d at 108 (quoting *Coker*, 204 S.W.2d at 979). The court concludes that Home Depot had a nondelegable legal duty as an employer to provide Mejia adequate assistance under the circumstances. And a material fact issue exists regarding the adequacy of Home Depot's assistance, particularly whether sufficient help was nearby and available. *See Adams*, 120 S.W.3d at 422 (denying summary judgment on inadequate assistance claim when employee presented evidence that supervisor was busy at the time). The court therefore denies summary judgment on Mejia's inadequate assistance claim.

VII

The court turns last to whether there is a genuine dispute of material fact regarding Mejia's claim that Home Depot was negligent *per se*.

Negligence *per se* applies when the courts have determined that the violation of a particular statute is negligence as a matter of law. *See Parrott v. Garcia*, 436 S.W.2d 897, 900 (Tex. 1969). To make a negligence *per se* claim, Mejia must identify a specific statutory provision that Home Depot violated. *See Del Castillo v. PMI Holdings N. Am. Inc.*, 2016 WL 3745953, at *5 (S.D. Tex. July 13, 2016). Mejia identifies Tex. Lab. Code Ann. § 411.103. But "§ 411.103 effectively prescribes a more precise definition of the common law duty to provide a safe workplace." *Leon v. Sears, Roebuck & Co.*, 2012 WL 3702950, at *3 (N.D. Tex. Aug. 28, 2012) (Fitzwater, C.J.) (citing *Campuzano v. R.R. Hall Inc.*, 2004

WL 2479920, at *3 n.4 (N.D. Tex. Nov. 2, 2004) (Boyle, J.)). Mejia has not demonstrated that § 411.103 is recognized as a basis for a claim of negligence *per se*.[6]

Accordingly, the court grants summary judgment dismissing Mejia's negligence *per se* claim.

\* \* \*

For the reasons explained, Home Depot's motion for summary judgment is granted in part and denied in part. The court grants the motion regarding Mejia's inadequate training and negligence *per se* claims and denies the motion regarding Mejia's inadequate instrumentalities and inadequate assistance claims.

**SO ORDERED**.

February 2, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[6]Mejia has not responded to Home Depot's summary judgment motion regarding her negligence *per se* claim.