IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA L. MEJIA RUIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2266-D |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Maria L. Mejia Ruiz ("Mejia") moves to quash defendant Home Depot U.S.A., Inc.'s ("Home Depot's") subpoenas of nonparty Parkland Health Hospital System ("Parkland"). Home Depot moves to modify the scheduling order to reopen discovery for the limited purpose of obtaining the information sought in these subpoenas. For the reasons that follow, the court grants Home Depot's motion and grants Mejia's motion in part and denies it in part.

I

The relevant background facts of this case are largely set out in a prior memorandum opinion and order and need not be repeated at length for purposes of deciding these motions.[1]

The discovery deadline in this case was October 18, 2023, and the trial was initially set for the two-week docket of March 18, 2024, with a specific trial date of March 19, 2024.

---

[1] *Mejia Ruiz v. Home Depot U.S.A., Inc.*, 2024 WL 406648, at *1 (N.D. Tex. Feb. 2, 2024) (Fitzwater, J.).

On March 4, 2024 Home Depot filed an emergency motion to continue the trial due to the unavailability of a material witness.  The court granted the motion and reset trial for the two-week docket of August 19, 2024.

On March 19, 2024, two weeks after the court granted the continuance, Home Depot served two subpoenas *duces tecum* on Parkland and notified Mejia that, pursuant to these subpoenas, it intended to depose Parkland by written questions and obtain documents from Parkland related to Mejia's medical treatment history.  The first subpoena required Parkland to produce and answer questions about "all medical records in [its] possession" related to Mejia.  P. Br. (ECF No. 63) at 8-11.  The second subpoena required Parkland to produce and answer questions about "all x-rays, MRI scans, CT scans and corresponding reports" related to Mejia.  P. Br. (ECF No. 63) at 14-17.

Mejia moves to quash the subpoenas on the grounds that they are "without limitations in time, scope, or breadth" and that they seek information that is irrelevant and invades her right to privacy.  *Id.* at 1-2.  She also points out that the discovery period ended months ago, and asserts that Home Depot should not be allowed to conduct discovery at this point.  Mejia asks the court to order Home Depot to modify its subpoenas to seek only information "within the date of incident and the proper scope and breadth."  *Id.* at 2.

Home Depot opposes Mejia's motion and also moves to modify the scheduling order for the limited purpose of enabling it to seek this additional discovery from Parkland.  The court is deciding these motions on the briefs, without oral argument.

- 2 -

II

The court begins by addressing a preliminary matter: Mejia's motion does not include a certificate of conference, as required by Fed. R. Civ. P. 26(c)(1) and N.D. Tex. Civ. R. 7.1.

"A failure to satisfy conference requirements does not . . . mandate summary denial of [a motion,] because the Court retains discretion to waive strict compliance with the conference requirements and to consider the motion[] on [its] merits." *Brown v. Bridges*, 2015 WL 11121361, at *5 (N.D. Tex. Jan. 30, 2015) (Solis, C.J.) (citation and internal quotation marks omitted), *modified in part*, 2015 WL 12532137 (N.D. Tex. June 22, 2015). The court in its discretion can excuse a failure to confer when "it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties' dispute." *Obregon v. Melton*, 2002 WL 1792086, at *1 n.3 (N.D. Tex. Aug. 2, 2002) (Fitzwater, J.).

Here, although Mejia's failure to include a certificate of conference violated both the Federal Rules of Civil Procedure and this court's Local Civil Rules, it is clear that the motion is opposed. The issue in dispute—whether the information sought in the subpoenas is relevant and nonprivileged—is also already sufficiently narrow. Accordingly, the court will not deny Mejia's motion based solely on her failure to comply with Rule 26(c)(1) and Local Civil Rule 7.1. *See State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, 2018 WL 10391736, at *2 (N.D. Tex. Dec. 17, 2018) (Rutherford, J.) (declining to deny motion to quash and for protective order due to failure to comply with Rule 26(c)(1) and Local Civil Rule 7.1).

Even so, it bears emphasizing that the "[f]ailure to comply with a local civil rule of

- 3 -

this court is to be carefully avoided and should not be repeated." *Obregon*, 2002 WL 1792086, at *1 n.3. Indeed, a judge of this court has cautioned that "future noncompliance with the certificate of conference requirement may result in the Court striking the offending motion from the docket." *Monitronics Int'l, Inc. v. Skyline Sec. Mgmt., Inc.*, 2017 WL 7520612, at *1 n.1 (N.D. Tex. Oct. 30, 2017) (Toliver, J.).

## III

The court now turns to the merits and considers whether it is appropriate to reopen discovery for the limited purpose of enabling Home Depot to depose Parkland by written questions and obtain additional documents from Parkland.[2]

### A

Rule 16(b)(4) governs a party's request to modify a scheduling order. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). "To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent." *Rodrigues v. US Bank Nat'l Ass'n*, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021) (Fitzwater, J.) (citing *Cartier*, 2009 WL 614820, at *2). The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S&W Enters., LLC v. SouthTrust Bank of*

---

[2]The court assumes *arguendo* that, when a party to a civil lawsuit seeks information relevant to the lawsuit from a nonparty, the matter is governed by the discovery rules in the Federal Rules of Civil Procedure and is not simply part of the evidence-gathering process that may fall outside the discovery rules.

*Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2013) (alterations adopted) (citation omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

B

The court construes Home Depot's response to Mejia's motion—which argues under Rule 16(b)(4) that good cause exists to allow Home Depot to seek additional discovery from Parkland—as a motion to modify the scheduling order to reopen discovery for the limited purpose of enabling Home Depot to depose Parkland by written questions and obtain additional documents from Parkland relevant to the damages alleged in this case. Evaluating the four factors holistically, the court concludes that Home Depot has met its burden under Rule 16(b)(4).

First, Home Depot provides a reasonable explanation for its failure to seek this discovery at an earlier date: it had not yet uncovered the alleged inconsistencies between Mejia's testimony and Parkland's records.

Second, Home Depot has demonstrated that allowing this discovery is important,

because the information Home Depot seeks from Parkland could be critical in determining Mejia's damages.

Third, any potential prejudice to Mejia as a result of this modification would be outweighed by its benefit. Mejia has had ample notice that any preexisting medical condition or diagnosis related to her left wrist is at issue in this suit. She has also had the opportunity to rebut Home Depot's arguments in favor of reopening discovery by filing a reply to her motion, but she did not do so.

Fourth, a continuance would not cure the potential prejudice to Mejia: it would not change the nature of the discovery Home Depot seeks from Parkland or allow Mejia to take advantage of any obvious remedies.

The court therefore concludes that discovery should be reopened through July 12, 2024 for the limited purpose of enabling Home Depot to depose Parkland by written questions and obtain additional documents from Parkland relevant to the damages issue. This deadline will enable the parties to complete discovery and timely make any supplemental disclosures that are due in relation to the new trial date.

IV

Having determined that discovery should be reopened for this limited purpose, the court considers Mejia's motion to quash Home Depot's subpoenas on Parkland.

A

Rule 26(b)(1) provides that a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

Rule 26(b)(1). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001)).

Rule 45 governs subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1). Rule 45(d)(3)(A)(iv) requires that, on timely motion, the court must quash or modify a subpoena if it "subjects a person to undue burden." Rule 45(d)(3)(A)(iv). The movant has the burden of proof, *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (Fitzwater, J.)), and must meet "the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'" *Williams*, 178 F.R.D. at 109 (citation omitted).

"Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case.'" *Linder v. Dep't of Def.*, 133 F.3d 17, 24 (D.C. Cir. 1998) (citation and internal quotation marks omitted). Among the factors that the court may consider in determining whether there is an undue burden are "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa*, 392 F.3d at 818

(citing *Williams*, 178 F.R.D. at 109).  The status of a witness as a non-party entitles the witness to consideration regarding expense and inconvenience.  *See* Rule 45(d)(2)(B)(ii).  Undue burden can be found when a subpoena *duces tecum* is facially overbroad.  *See, e.g.*, *Wiwa*, 392 F.3d at 818.

"A party's standing to quash subpoenas served on non-parties pursuant to Rule 45 is limited." *MC Trilogy Tex., LLC v. City of Heath, Tex.*, 2023 WL 5918925, at *9 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.).  To have standing, "[t]he movant must 'be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena.'" *Id.* (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)).  The movant may establish a "personal right" to subpoenaed materials requested from a non-party in limited circumstances, such as when "the subpoena seeks confidential or protected information sensitive to the movant." *Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, 2011 WL 90108, at *2 (M.D. La. Jan. 11, 2011) (collecting cases).  "Personal privilege" "refers to protections afforded by the rules of evidence," including attorney-client privilege and work product protection. *Mobilitie Mgmt., LLC v. Harkness*, 2018 WL 11364084, at *1 (N.D. Ga. Mar. 12, 2018).  "A party challenging a subpoena issued to a non-party may not object on the grounds that it 'violates another person's privacy rights . . . , that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant[,] because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.'" *Deitz v. Performance Food Grp., Inc.*, 2021 WL 2715974, at *1 (W.D. Tex. Apr. 21, 2021) (quoting *River House Partners, LLC v.*

*Grandbridge Real Est. Cap. LLC*, 2016 WL 3747613, at *3 (M.D. La. July 11, 2016)).

B

Preliminarily, Mejia has standing to challenge the subpoenas served on Parkland. Mejia's contention that the subpoenas are overbroad and seek information that is irrelevant to this lawsuit is, alone, insufficient to give her standing. *See Dietz*, 2021 WL 2715974, at *1. But her argument that the subpoenas seek privileged information—namely, her medical and pharmacy records—establishes that she has a "personal right" to the information the subpoenas are requesting. *See Keybank Nat'l Ass'n*, 2011 WL 90108, at *2. Courts have held that private financial information, personal bank or employment records, social networking accounts, or email inbox contents are the type of confidential or protected information that can provide a movant with standing to quash a third-party subpoena. *See MC Trilogy Tex., LLC v. City of Heath, Tex.*, 2023 WL 7004442, at *2-3 (N.D. Tex. Oct. 24, 2023) (Fitzwater, J.); *Crispin v. Christian Audigier, Inc.*, 717 F.Supp.2d 965, 974 (C.D. Cal. 2010) (collecting cases). Medical and pharmacy records contain information that is arguably just as sensitive, if not more sensitive, giving Mejia the requisite standing.

C

Mejia is not entitled to an order completely quashing the subpoenas under Rule 45. But the court modifies the subpoenas to seek only information that is within the scope of discovery permitted by Rule 26(b)(1).

1

On the one hand, according to Mejia, the subpoenas seek information that is overly

- 9 -

broad, irrelevant to this lawsuit, and privileged.  Home Depot, on the other hand, maintains that the information sought is directly relevant to this case, not overly broad, and not unduly burdensome to Mejia or Parkland.  Home Depot contends that Mejia "has willingly put forward her medical condition"—an injury to her left wrist that she allegedly incurred while working at Home Depot—"into the scope of allowable discovery outlined in Rule 26 by filing this personal injury suit."  D. Br. (ECF No. 65) at 3.  Home Depot also cites what it maintains are discrepancies between Mejia's testimony about her injury and records that Home Depot has already obtained from Parkland.  Mejia has stated that she was diagnosed with carpal tunnel syndrome in her left wrist and underwent surgery and other procedures to relieve that condition *after* her alleged injury while working at Home Depot, and has denied having experienced pain in her left wrist prior to the occurrence at issue in this lawsuit.  But Home Depot asserts that records it has already obtained from Parkland indicate that Mejia was diagnosed with carpal tunnel syndrome at least seven years *before* the occurrence in question.  Home Depot contends that the information sought in its March 19 subpoenas could therefore be critical to the calculation of damages in this case.

The court agrees with Home Depot that at least some of the subpoenaed information is relevant and that production of that information will not unduly burden Mejia or Parkland. Records concerning preexisting conditions and diagnoses related to Mejia's left wrist are certainly relevant to the damages issue.  Further, the fact that Mejia may have concealed information about such preexisting conditions and diagnoses during the discovery period undercuts her contention that requiring Parkland to produce these records after the discovery

deadline would unduly burden her.  Even so, the court agrees with Mejia that the wording of the subpoenas is impermissibly overbroad and may cause Parkland to produce information that is outside the scope of what is discoverable.  Because "[g]enerally, modification of a subpoena is preferable to quashing it outright," *Wiwa*, 392 F.3d at 818 (footnote and citation omitted), the court declines to fully quash the subpoenas but narrows them as set out below.

2

a

Rule 26(b)(2)(C) provides that a court "must limit the frequency or extent of discovery otherwise allowed by" the Federal Rules of Civil Procedure when

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(b)(2)(C).

District courts in the Fifth Circuit generally look with disfavor on subpoenas that require production of documents that are not actually related to a claim or defense and, where feasible, narrow them to exclude information that is outside the scope of discovery permitted by Rule 26(b)(1).  *See, e.g.*, *MC Trilogy Tex.*, 2023 WL 5918925, at *8 (declining to enforce third-party subpoena *duces tecum* requiring production of "all" communications during time-bound period as overly broad); *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F.Supp.3d 613, 620 (E.D. La. 2022) (narrowing third-party subpoena to require

- 11 -

production of only documents on case-related issues); *Williams*, 178 F.R.D. at 110 (narrowing third-party subpoena requiring production of "any and all" documents).

b

Home Depot's subpoenas served on Parkland are not limited in the information they seek about Mejia's medical history: they order Parkland to produce "*all* medical records in [its] possession" related to Mejia's medical treatment at Parkland facilities, including "*all* archived records and *all* records located in storage" and "*all* x-rays, MRI scans, CT scans and corresponding reports." P. Br. (ECF No. 63) at 5 (emphasis added). Consequently, these subpoenas "likely encompass many [documents] having absolutely nothing to do with" the issues in the case. *Crescent City Remodeling*, 643 F.Supp.3d at 620.

The court therefore modifies the subpoenas to limit their scope. Parkland is ordered to produce and be deposed by written questions only as to medical records concerning Mejia that are related to conditions, diagnoses, and procedures as to her left wrist. So modified, the subpoenas will be neither overly broad nor unduly burdensome or intrusive. Home Depot is ordered to serve a new subpoena on Parkland that is narrowed in compliance with this memorandum opinion and order, or to serve notice that the subpoenas have been narrowed in accordance with this memorandum opinion and order.

*  *  *

For the reasons explained, the court grants Home Depot's motion to modify the scheduling order and grants Mejia's motion to quash in part and denies it in part. Discovery is hereby reopened through July 12, 2024 for the limited purpose of enabling Home Depot

- 12 -

to depose Parkland by written questions and obtain additional documents from Parkland relevant to the damages issue in this case. Home Depot's subpoenas are hereby modified to require Parkland to be deposed by written questions and to produce medical records in its possession concerning Mejia that are related only to conditions, diagnoses, and procedures as to her left wrist.

**SO ORDERED**.

June 13, 2024.

SIDNEY A. FITZWATER
SENIOR JUDGE